IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES DION PALMER,<br><br>      Petitioner,<br><br>vs.<br><br>GOVERNOR OF ALASKA, *et al.*,<br><br>      Respondents. | No. 3:20-cv-00138-JKS<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

  On June 1, 2020, James Dion Palmer filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Palmer does not list the criminal docket or case number that he seeks to challenge, but states that he is subject to a judgment of conviction entered on September 11, 2016, for failure to register as a sex offender. *Id.* at 1. Although he lists the Alaska Department of Corrections as his place of confinement, the return address of his filing is a correctional facility in Virginia, and the Offender Locator database of the Virginia Department of Corrections, https://vadoc.virginia.gov/general-public/offender- locator/, Offender I.D.# 1136645, reflects that Palmer is in the custody of the Virginia Department of Corrections and incarcerated at the Greensville Correctional Center in Jarratt, Virginia, with a projected release date of July 23, 2020.

-1-

Pursuant to the Rules Governing Section 2254 Cases, the Court must review the instant Petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4. If so, "the judge must dismiss the petition." *Id.* A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

The Court has reviewed the Petition and determined that it cannot proceed as filed. Accordingly, the Court will dismiss the petition with leave to amend to permit Palmer to correct the noted deficiencies.

### A. The Petition Does Not Identify an Alaska Conviction

28 U.S.C. § 2254 allows prisoners being held under state court judgments to challenge those judgments once they have been finalized.[1] 28 U.S.C. § 2254(a) (stating that petitions will be entertained from "a person in custody pursuant to the judgment of a state court . . . ."). For the Court to exercise jurisdiction in a § 2254 petition, the petitioner must be "in custody" under the sentence or conviction he is challenging in his petition. *See, e.g.*, *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Although § 2254 also applies to future custody, a petitioner subject to future custody must still challenge a state court *judgment*. Rules 1(a)(2) and 2(b) of the Rules Governing § 2254 Cases.

As noted above, Palmer is currently in the custody of the Virginia Department of Corrections. The court takes judicial notice[2] that Palmer previously challenged a conviction in Virginia state court by way of filing a § 2254 petition in the Eastern District of Virginia. *See*

---

[1] To the extent Palmer intends to raise claims relating to any custody in Alaska that did not result in a conviction, the Court expresses no opinion as to any other possible bases for jurisdiction in this Court.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."); *see also* FED. R. EVID. 201.

-2-

*Palmer v. Johnson*, Case No. 1:02-cv-01762-CMH (E.D. Va.). The Fourth Circuit Court of Appeals affirmed the dismissal of that petition. *Palmer v. Johnson*, No. 03-7178, 82 F. App'x 854 (4th Cir. 2003). A review of the Virginia Judiciary's Online Case Information System 2.0, https://eapps.courts.state.va.us/ocis/search, shows that Palmer has been the subject of numerous charges in the Norfolk Circuit Court in Virginia for failure to register as a sex offender, including during the time period referenced in the instant Petition. While it is theoretically possible that Palmer is subject to future custody under an Alaska conviction once his current custody in Virginia expires, the record is devoid of any mention of an Alaska conviction or, indeed, any direct connection to Alaska at all. To the extent Palmer attempts to use this forum to challenge his Virginia custody, a § 2254 must be brought in the state with actual custody over the petitioner. *Marks v. Rees*, 715 F.2d 372, 374 (7th Cir. 1983); *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988) (en banc) (holding the same in the context of habeas petitions brought by federal prisoners under 28 U.S.C. § 2241). For Palmer to proceed on a § 2254 petition in this Court, he must therefore identify a conviction in the *Alaska* state courts for which he is subject to future custody.

**B.     The Petition Does Not Allege Total Exhaustion**

This Court may not consider claims that have not been fairly presented to the State courts. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Specifically, pursuant to 28 U.S.C. § 2254(b)(1)(A) and (B), before a court may grant a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a State court, the petitioner must either (A) exhaust "the remedies available in the courts of the State" or (B) show "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." To satisfy the "fairly present" requirement, the petitioner actually must present his or her federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513

-3-

U.S. 364, 365–66 (1995) (per curiam). In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court.

Because the Court cannot determine whether Palmer is even subject to a judgment of conviction in the Alaska state courts, it also cannot determine whether Palmer fully exhausted in the state courts any claims relating to a valid Alaska judgment. The databases of the Alaska State Judiciary do not list any proceedings involving Palmer in the Alaska state courts. *See* http://courts.alaska.gov/main/search-cases.htm. For Palmer to proceed on a § 2254 petition in this Court, he must further show that he fully exhausted in the Alaska state courts any claims challenging an Alaska conviction.

### C.   The Petition Does Not Name the Proper Respondents

Rule 2(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that a petitioner challenging a state court conviction for which he may be subject to future custody should "name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." For Palmer to proceed on a § 2254 petition in this Court challenging an Alaska state conviction, he must name the Alaska Attorney General and the warden of the Greensville Correctional Center.

### D.   The Grounds in the Petition Lack Specificity

Palmer raises the following grounds for relief: "Due Process 5th Amendment" (Ground 1); "Due Process and Equal Protection Clause 14th Amendment" (Ground 2); "Right to Jury: 7th Amendment" (Ground 3); and "No Excessive Bail/No Bail: 8th Amendment" (Ground 4). For each ground for relief, Palmer summarily states in the supporting facts sections "No Trial: Illegal Detainment 9/11 11/9 Suspect" or restates the ground for relief listed in the heading.

Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each

ground." Here, Palmer fails to articulate his claims or cite facts that would support an inference that his federal constitutional rights may have been violated. This Court would have to engage in a tenuous analysis in order to attempt to identify the thrust of his claims. Although *pro se* habeas filings must be construed liberally, *Erickson*, 551 U.S. at 94, such leniency should not place on the reviewing court the entire onus of ferreting out grounds for relief, and "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief," *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("[C]ursory and vague claim[s] cannot support habeas relief."); *Jones v. Gomez*, 66 F.3d 199, 204-205 (9th Cir. 1995). Facts must be stated in the petition with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *C.f., Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) ("the petition is expected to state facts that point to a real possibility of constitutional error") (citation omitted) (internal quotation marks omitted).

**E.     Leave to Amend**

Palmer shall have thirty (30) days from the date of this Order to file a First Amended Petition that: 1) identifies a judgment of conviction in the Alaska state courts; 2) names the proper Respondents; and 3) asserts in sufficient detail only those claims that have been fully exhausted in the Alaska state courts through presentation all the way to the Alaska Supreme Court. The First Amended Petition shall indicate for *each* claim when it was presented to the Alaska Supreme Court and must be complete in itself without reference to the original Petition. If Palmer chooses to file an amended petition, he should be mindful of the pleading requirements on federal habeas review, as discussed in this Order.

**F.     Motion for Leave to Proceed *In Forma Pauperis***

At Docket No. 2, Palmer additionally requests that this Court waive the filing fee to proceed with this case. Parties filing actions are required to pay a filing fee. *See Rodriguez v.*

*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); 28 U.S.C. § 1913.  An action may proceed despite failure to pay the filing fee if the party is granted an *in forma pauperis* ("IFP") status. *Rodriguez*, 169 F.3d at 1177.  The Court may grant IFP status to any prisoner who demonstrates that he is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  Rule 3(a)(2) of the Rules Governing Section 2254 Proceedings in the U.S. District Courts requires that inmates moving for IFP status file with their application "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  Palmer did not file with his IFP application such statement from the Greensville Correctional Center.  Accordingly, Palmer's motion at Docket No. 2 will be denied without prejudice to re-file with the proper documentation in the event he files an Amended Petition that conforms with the requirements laid out in this Order.

**IT IS THEREFORE ORDERED:**

1. The Petition for Writ of Habeas Corpus at Docket No. 1 is **DISMISSED with leave to amend**.

2. The Clerk of Court shall send Palmer the form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  **On the enclosed form only, on or before July 20, 2020, Palmer may file a First Amended Petition that complies with the requirements discussed in this Order.**  Palmer shall name the proper Respondents, clearly indicate on the form the applicable Alaska judgment he challenges, and provide for *each* claim the proceeding in which the claim was presented to the Alaska Supreme Court.  The claims should also be raised with sufficient specificity and particularity to satisfy the pleading requirements laid out in this Order.

3. The Motion for Leave to Proceed *In Forma Pauperis* at Docket No. 2 is **DENIED without prejudice** to re-file with proper documentation in the event Palmer files an Amended Petition that complies with the requirements laid out in this Order.

4. The Clerk of Court is also directed to send Palmer a copy of the District Court's handbook, "Representing Yourself in Alaska's Federal Court," with this Order.

5. **Palmer is advised that, if he fails to file an amended petition by July 20, 2020, his case will be dismissed without further notice for lack of prosecution**.

Dated at Anchorage, Alaska this 19th day of June, 2020.

s/James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
Senior United States District Judge